# Directors of Poor *against* Wallace.

Directors of the Poor are authorized and required to pay the funeral expenses of a destitute person upon the order of two justices granted after the death and burial of such person.

ERROR to the Common Pleas of *Washington* county.

This was an action of assumpsit by Oliver Wallace against the Directors of the Poor of Washington county, to recover the price of coffins furnished for the burial of poor and destitute persons, who were carried off by an epidemic which prevailed in Taylorstown some years since. In one of the cases an order of relief was made whilst the pauper lay on his death-bed, and a few days before his death, but was not presented to the directors until after his death and burial. In the other cases no order was previously

[Directors of Poor v. Wallace.]

made; but subsequently to the death of the paupers, a certificate in the nature of an order of relief was granted by two justices, stating the utter destitution of the deceased; that they had nothing to bury them, and approving the expenditures by the plaintiff.

EWING (President), instructed the jury that although there was no express provision for such cases contained in the Act of Assembly, yet the spirit of the law, when taken as a system, was in accordance with that principle of humanity which required the directors to make provision for these cases of emergency which so frequently happened; and that in this case the order of the justices was a legal authority for the directors to pay; they were therefore bound to do it, and the plaintiff was entitled to recover.

*M'Kennan, Jun.* and *M'Kennan,* for plaintiffs in error, cited 2 *East* 505.

*Gow,* for defendant in error, referred to the 6th and 23d sections of the Poor Laws; 12 *Serg. & Rawle,* 296; 10 *Johns.* 249; 3 *Bos. & Pul.* 247.

The opinion of the Court was delivered by

HUSTON, J. — The Act relating to the support and employment of the poor passed the 13th of June 1836, though most of its provisions relate to them while alive, yet in several sections have relation to the funeral expenses. See sections 14, 23, which seem to put the funeral expenses on precisely the same footing as the maintenance of a pauper while alive; and the 33d section gives the overseers the same rights to recover any property belonging to a pauper, and apply it as well to pay the expenses of their funeral and burial as of their maintenance while alive. The 1st section directs the overseers to provide for every poor person; and the following sections point to the mode in different cases. The 5th section provides for such poor as have no settlement; or, I suppose, such as having a settlement, require immediate relief. The 6th section says: "No person shall be entered on the poor-book of any district, or receive relief from any overseers, before an order shall have been procured from two magistrates of the county for the same; and in case any overseer enter in the proper book, or relieve such poor person without such order, he shall forfeit a sum equal to the amount or value given, *unless such entry or relief shall be approved by two magistrates,* as aforesaid;" that is, if his act is approved by the same authority which could have given an order. This was a wise and humane provision for cases of sudden emergency. Now, as funeral expenses are put on the same footing as relief to the living, the subsequent approval will have the same effect as to them as to relief given; and if the deceased left any property, the overseers have the same right to indemnify them-

[Directors of Poor v. Wallace.]

selves out of it. The 42d section subjects the overseers to indictment if they neglect to perform any duty prescribed by the Act.

It is not necessary in this case to enter into the distinction between moral obligations and legal responsibilities. Perhaps, I might safely say, the obligation on the overseers created by the Act, renders them responsible in law. Certain relatives are by the Act made liable to support paupers, if of sufficient ability so to do; and a mode is pointed out of levying on their property, if they neglect so to do. When the Act subjects the overseers to indictment for neglecting their duty, it makes those duties legal duties, or it would not punish the neglect of them.

Judgment affirmed.